E. BRYAN WILSON
Acting United States Attorney

YUNAH CHUNG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: yunah.chung@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:21-cr-00074-JMK-DMS |
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL EDWARD ROZA, | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER FOR DISCOVERY**

The United States of America, by and through the undersigned counsel, moves for a protective order from the Court restricting the distribution of discovery in the above-captioned case pursuant to Federal Rule of Criminal Procedure 16(d)(1). The United States requests that discovery containing Protected Information, as well as any audio, video, photographic, or digital discovery containing the image, voice, or any other

identifying information for any Confidential Human Source or other eyewitness not be left in the custody of any defendant and not be distributed, shown, or made available to individuals other than the defendant, his defense attorney(s), defense investigators, or experts or consultants specifically retained by defendant's counsel (hereinafter "Defense Team"). The defense team shall not allow any person outside the defense team to read, view, or access the protected material; use the protected material for any purpose other than preparing a defense in this case; make copies of protected material for the use of any person outside of the defense team; give copies of any protected material to the defendant; or allow copies of any protected material to remain at any detention facility.

This discovery will be labeled as "protected material."

Further, the United States requests that the order require Defense Counsel to advise all members of the Defense Team of the terms of this protective order, and to require all members of the Defense Team to make a good faith effort to prevent unauthorized distribution of Protected Information. In addition to Protected Information relating to the CHS and any eyewitness, as well as the CHS or eye-witness' image and voice, information about the CHS and eyewitness to be protected includes the CHS and eye-witness' name or any other information that can be used directly or indirectly to identify or locate the CHS or eyewitness.

//
//
//

## "Good Cause" Exists to Restrict Discovery

Fed R. Crim. P. 16(d)(1) provides:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

The discovery in this case contains information detailing Protected Information, as well as reports and recordings detailing the work of a Confidential Human Source (CHS) and the statements of one or more eyewitnesses. These reports provide sufficient detail to allow the defendant to identify the CHS and eyewitnesses. This detail includes specific information about dealings the CHS had with the defendant, as well as the CHS's image and voice.

The United States seeks to limit disclosure of Protected Information and information relating to the CHS and eyewitnesses to the Defense Team. The United States is unaware of any reason why any person other than members of the Defense Team should have access to Protected Information or information relating to the CHS or eyewitnesses in this case.

"Good cause" exists in this case to restrict discovery for several reasons. The restriction is necessary in order to protect the legitimate privacy interests of those identified in the discovery, as well as to protect the safety of the CHS eyewitnesses and others associated with these individuals. The disclosure of protected personal information about witnesses and other individuals related to the case may subject those individuals to

harassment or harm ongoing criminal investigations. The unnecessary disclosure in discovery of private information may also have a chilling effect on the willingness of those witnesses to cooperate.

Furthermore, the nature of this case makes this protective order essential. This case involves drug trafficking, and the United States is aware of similar cases within this District where discovery relating to cooperating witnesses has been disclosed, or attempts to disclose that information have been made. In some instances, these disclosures and attempts at disclosure have been the result of in-custody defendant's having access to information about cooperating witnesses, including their voices or pictures, and being able to leverage the collective knowledge of the in-custody population to identify the cooperator, and to relay information about that individual to persons outside the jail. Such disclosures can place cooperating witnesses at risk, and have a chilling effect on their continued cooperation. These risks are magnified when discovery containing identifying information about cooperating witnesses is left in the jail with in-custody defendants. Because the discovery in this case contains details about CHS and eyewitnesses, including their voices, these individuals' safety may be jeopardized by unauthorized distribution of discovery.

On August 10, 2021, the undersigned counsel for the United States contacted the attorney for the defendant in the above captioned matter, who non-opposed such an order.

The United States submits that there is good cause to restrict discovery in this fashion, and requests that the Court enter an order restricting discovery.

RESPECTFULLY SUBMITTED this 11th day of August, 2021, in Anchorage, Alaska.

        E. BRYAN WILSON
        Acting United States Attorney

        *s/* Yunah Chung
        YUNAH CHUNG
        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2021,
a true and correct copy of the foregoing
was served electronically on the following:

Amanda Harber

s/ Yunah Chung
Office of the U.S. Attorney