Amanda Harber
49th State Law LLC
PO Box 661
Soldotna, AK 99669
(907) 420-4290 | Fax (907) 308-6685
Amanda@49thstatelaw.com
Counsel For Defendant Michael Edward Roza

UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| United States of America | Case No.: 3:21-cr-00074-JMK-MMS-1 |
|---|---|
| Plaintiff, | |
| vs. | Defendant's Appeal From Magistrate Judge's Detention Order And Request For Immediate Release With Conditions |
| MICHAEL EDWARD ROZA | |
| Defendant | |

Defendant Michael Roza, through counsel, Amanda Harber, hereby appeals, under 18 U.S.C. § 3145(b), to the District Court from the magistrate's decision to not rule on the merits of the defendant's proposed conditions of release. The hearing was held on August 24, 2021. The transcript of the hearing is cited as Tr. __:___ (Docket 28).

Normally appeals to the District Court under 28 U.S.C. § 636(b)(1)(C), Criminal Rule 59(a) and Alaska Local Criminal Rule 59.1. However, these rules presuppose that the magistrate issued substantive findings of fact and conclusions of law, in order for parties to appeal them to the District Court. Whatever the case, good cause exists to allow the defendant additional time because of counsel's

Defendant's Appeal From Magistrate Judge's Detention Order and Request For Immediate Release With Conditions - 1

49th State Law LLC, Amanda Harber
PO Box 661, Soldotna, AK 99669, (907) 420-4290 | Fax (907) 308-6685
Amanda@49thstatelaw.com

unfamiliarity with the procedure for obtaining transcripts and the lack of clarity as to whether the magistrate's actions were subject to review. *See also United States v. Brown*, 79 F.3d 1499, 1996 U.S. App. LEXIS 6048 (7th Cir.), *cert. denied*, 519 U.S. 875, 117 S. Ct. 196, 136 L. Ed. 2d 133, 1996 U.S. LEXIS 5586 (1996) (timelines to challenge magistrate's ruling not jurisdictional).

Regardless, the magistrate judge's lack of a ruling and factual finding are legally unsound, in light of the magistrate's comments that the defendant's release plan was workable. Tr. 17:18-23 ("Noting all of that, though, I would note that Mr. and Mrs. Roza appear to be excellent third-party custodians who have a track record of being excellent third-party custodians when he was released by the state... The gun safes are of a concern. However, I think if the keys were relocated, that may take care of that concern, if the keys were not in the home or available to anyone staying in the home.").

I.   Facts and Procedural History

The defendant was charged by complaint, and later indicted in state court for conduct that is very similar in nature to the charged conduct, and, in fact, might be the same. Specifically, in federal court, Roza is facing four charges: Distribution Of Heroin; Distribution Of Methamphetamine; Possession Of A Machinegun; and Possession Of Weapons that were not registered to him in the National Firearms Registration and Transfer Record.

Defendant's Appeal From Magistrate Judge's Detention Order and Request For Immediate Release With Conditions - 2

On 7/26/21, after the Pretrial Enforcement Division summoned the defendant to their office, the federal warrant was served on the defendant, and he has remained in custody ever since.

The court held a detention hearing on August 24, 2021. The defendant proposed that he be released on the same conditions as he was released in the state case – to his parents as third-party custodians. Tr. 5:12-14; 13:15-18. The magistrate commented that the third parties, indeed, appeared very strong. However, when the magistrate asked the Assistant United States Attorney whether they intended to indict the defendant for additional offenses, she replied that the state did. Tr. 16:3-7. The magistrate, on her own motion, continued the hearing for five weeks. Tr. 18:7-13. The magistrate then noted that "The gun safes [in the proposed home] are of a concern. However, I think if the keys were relocated, that may take care of that concern, if the keys were not in the home or available to anyone staying in the home." Tr. 18:14.

## II. Law

In this Circuit, the District Court reviews the pretrial detention order of a magistrate judge de novo. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir.1990). Although the Court considers the evidence presented to the magistrate judge, it accords no deference to the magistrate judge's fact and ultimate conclusion findings.

As a general rule a person can only be detained if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e) (emphasis added). 18 U.S.C. § 3142(i) goes even further and states that the judicial officer shall make "written findings of fact and a written statement of the reasons for the detention."

## III. Argument

In declining to rule because the government might take some action in the future, the court overlooked the plain language of the bail reform act. By continuing the hearing 5 weeks, the court disregarded the plain language of 18 U.S.C. § 3142(i), which only allows detention if the court explicitly "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." Thus, at the moment, the defendant is still being detained in spite of the fact that there was no finding under 18 U.S.C. § 3142(e) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

Defendant's Appeal From Magistrate Judge's Detention Order and Request For Immediate Release With Conditions - 4

## IV. Conclusion

The fact of the matters is that Roza was out on bail with two third-parties, an ankle monitor, and was being supervised by Alaska's pretrial enforcement division. His release was proceedings without incident. The federal authorities then charged him with additional offenses arising out of the same transaction. When Roza asked to be released to the same (fairly restrictive) conditions that had been working so well, the court, rather than grant or deny the proposal, simply said it wanted to see if he would be charged with more offenses. Such procedure violates 18 U.S.C. § 3142(e) and 18 U.S.C. § 3142(i), since a defendant is entitled to a ruling on their request for release.

The court should immediately release the defendant to his proposed third-party custodians.

49th State Law LLC

  09/22/21                                    /s/Amanda Harber
  Date                                          Amanda Harber
                                                     Alaska Bar Number 1011119

Defendant's Appeal From Magistrate Judge's Detention Order and Request For Immediate Release With Conditions - 5

Certificate of Service:

I hereby certify that on _____9/22/21_____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

___ajh_____

Defendant's Appeal From Magistrate Judge's Detention Order and Request For Immediate Release With Conditions - 6